Sucn. de Erundina Vélez Valentín, compuesta de sus hijos legítimos María Providencia, María Rosario, Emilia Erundina, Demetrio Federico, Mercedes, María Amparo, Laura María y Sofía Vélez y Vélez, representadas las dos últimas por su tutora Providencia Vélez, demandantes y apelados, *v.* Ulises y Eurípides Vélez, demandados y apelantes.

No. 4404.—*Sometido:* Mayo 11, 1928.   *Resuelto:* Julio 26, 1929.

*A. Reyes Delgado* y *H. Miranda,* abogados de los apelantes; *G. Zeno Sama,* abogado de la Sucesión apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Los hijos y herederos de Erundina Vélez demandaron en la Corte de Distrito de Arecibo el 30 de marzo de 1926 a Ulises Vélez y a Eurípides Vélez para que les pagasen la cantidad de $1,500 que reconocieron deber a la causante de los demandantes el 28 de enero de 1918 según pagaré por ellos firmado que transcribieron en la demanda y para que les pagasen los intereses de esa cantidad a razón del diez por ciento anual desde el 1º de enero de 1925 en que dejaron de satisfacerlos.

Ese pagaré vencía en 31 de diciembre de 1918, está extendido a la orden de Erundina Vélez Vda. de Vélez y dice que en caso de no verificarse el pago a su vencimiento se obligaban los deudores a satisfacer intereses al diez por ciento anual si se les concediera alguna prórroga tácita o expresa.

Después de haber sido enmendada varias veces la demanda se alegó en la última que al otorgarse ese pagaré ni Erundina Vélez ni los demandados eran comerciantes, que no procede de operaciones de comercio y que a su vencimiento en 31 de diciembre de 1918 fué prorrogado hasta un año después y así sucesivamente cada año, siendo la última prórroga la concedida hasta el 31 de diciembre de 1924.

Los demandados se opusieron a esa reclamación negando que la obligación reclamada hubiera sido prorrogada y alegando como defensas que ha sido pagada y que en el supuesto de que no haya sido pagada está prescrita de acuerdo con el Código de Comercio.

Celebrado el juicio la corte dictó sentencia condenando a los demandados al pago por partes iguales y contra ella ha sido interpuesta esta apelación.

El primer motivo alegado por los apelantes para la revocación de la sentencia recurrida es por la admisión de ciertos documentos presentados por los demandantes en el juicio. Esos documentos son el pagaré suscrito por los demandados con notas de haber sido prorrogado y cuatro cartas de Ulises Vélez fechadas en 1920, 1921 y enero y mayo de

1923, dirigidas a su sobrino Demetrio Vélez, uno de los demandantes, referentes al pago de intereses del pagaré, enviándole también algunas cantidades de dinero por ellos y por una finca, y la manifestación de que desean pagar su deuda con Erundina pero que no pueden hacerlo. De los autos resulta que Demetrio Vélez es el único hijo varón de Erundina Vélez y que en vida de ella administraba sus intereses y también después de su muerte los de su sucesión, así como que su tío Ulises Vélez administraba por muchos años una finca de su hermana Erundina y luego de su sucesión hasta 1923, volviendo a encargarse de ella en 1924. Las notas de prórroga que tiene el pagaré al final de cada año hasta 1923 fueron puestas por Demetrio Vélez y ese documento fué presentado como prueba en relación con las expresadas cartas; y sostienen los apelantes que ese pagaré no era admisible para probar las prórrogas porque éstas no están suscritas por los deudores y se fundan en el artículo 48 del Código de Enjuiciamiento Civil, que forma parte del título sobre cuándo ha de empezar el ejercicio de las acciones civiles, y que dice así: ''Ningún consentimiento o promesa de un contrato nuevo, o de la continuación de uno ya hecho, será prueba suficiente para que el caso quede fuera de las disposiciones de este título, a menos que así conste por escrito, bajo la firma de la parte en contra de la cual haya de utilizarse''.

En el caso de *Herederos de Martínez* v. *Fernández,* 19 D.P.R. 144, dijimos que aún en el supuesto de que el artículo 48 del Código de Enjuiciamiento Civil sea aplicable a toda clase de interrupciones de prescripción, no contiene precepto alguno que exija a un demandante que alegue en la demanda que la promesa de un contrato nuevo fué hecha por escrito y que la promesa no es la única cosa indispensable para interrumpir el término de la prescripción; pero no tenemos que considerar en este caso dicho artículo 48 porque de las cartas presentadas en relación con el pagaré aparece que los apelantes estaban pagando intereses por esa deuda, lo que demuestra una prórroga tácita de esa obligación, ya que según

dicho documento no tenían que satisfacerlos sino en caso de prórroga expresa o tácita, por lo que las cartas, en que se habla de intereses de esa obligación, y el pagaré con ellas relacionado eran admisibles para probar la prórroga y por tanto que la obligación no estaba prescrita.

■■ El segundo motivo de error es por haber sido declarada sin lugar la moción del demandado Eurípides Vélez solicitando se declarase sin lugar la demanda en cuanto a él por hallarse prescrito el derecho a reclamarle de acuerdo con el artículo 950 del Código de Comercio.

En el hecho quinto de la demanda enmendada última se alegó que la obligación fué prorrogada en las fechas que en ella se mencionan y que los demandados han pagado todos los intereses hasta el 31 de diciembre de 1924; y los demandados en su contestación hicieron una negación específica de todos los particulares de esa alegación, y que no solicitaron prórroga, pero no hicieron negación alguna en cuanto a que hubieran pagado intereses por ella hasta el 31 de diciembre de 1924, por lo que de acuerdo con el artículo 132 del Código de Enjuiciamiento Civil hay que tener por cierta esa alegación esencial de la demanda no negada; y habiendo pagado intereses Eurípides Vélez no puede decir que la obligación no fué prorrogada tácitamente en cuanto a él y que está prescrita por el transcurso de tres años desde su vencimiento como se fija para los pagarés mercantiles, por lo que la corte no cometió el error alegado.

Como tercer motivo se dice que hubo error manifiesto al ser desestimada la defensa de prescripción.

Esta alegación gira sobre el hecho de que no se ha probado que existieran prórrogas de la obligación y que por esto prescribió a los tres años de acuerdo con el Código de Comercio.

Después de haber leído la prueba en este caso estamos convencidos tanto por la oral como por la documental de que los demandados pagaron intereses por la obligación que se les reclama; y como no tenían el deber de satisfacerlos sino

en caso de prórroga expresa o tácita, hay que llegar a la conclusión, como antes decimos, de que si pagaron intereses hasta el 31 de diciembre de 1924 es porque su obligación fué prorrogada tácitamente hasta esa fecha y por tanto no estaba prescrita cuando fué reclamada dos años después de la última prórroga.

■ Se alega por último que hubo error al declarar que ciertas cantidades entregadas por el demandado Ulises Vélez a su hermana Erundina y a su hijo Demetrio no son imputables a la obligación reclamada en la demanda y al declarar con lugar la demanda, dictando sentencia que es contraria a derecho y a las pruebas.

Hemos dicho antes que tanto en vida de Erundina Vélez como después de su muerte su hermano Ulises administró una finca de ella que luego fué de su sucesión. En ese tiempo Ulises Vélez entregó algunas cantidades de dinero que ahora imputa al pago de la mitad que a él corresponde en la deuda reclamada, imputaciones que son negadas por la parte demandante. La corte inferior entendió que Ulises Vélez no había justificado el pago de esa obligación y creemos que estuvo acertada en esa conclusión, pues también hubo prueba de un testigo no interesado en el asunto que habló con Ulises Vélez en 1926 (meses antes de ser presentada la demanda original) para ver si podía llegar a un arreglo con sus sobrinos en cuanto al pago de ese documento, y Ulises Vélez le manifestó que por su parte no tenía inconveniente, lo que tiende a demostrar que antes de esa fecha no había pagado la cantidad que ahora dice fué satisfecha.

*La sentencia apelada debe ser confirmada.*